NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTEBAN MARTINEZ,

Plaintiff - Appellant,

v.

CITY OF SANTA MARIA; et al.,

Defendants - Appellees.

Nos.   25-202
        25-6460

D.C. No.
2:23-cv-06288-MWC-MAR

MEMORANDUM*

Appeals from the United States District Court
for the Central District of California
Michelle Williams Court, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Esteban Martinez appeals pro se from the district court's judgment and post-judgment order in his 42 U.S.C. § 1983 action alleging various constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Contrary to Martinez's contentions, the district court's failure to grant Martinez's motions for default judgment was not an abuse of discretion because the operative complaint was screened and dismissed before defendants were obligated to respond to the action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that the court shall dismiss at any time a case filed without prepayment of fees if the action "fails to state a claim on which relief may be granted"); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider before entering default judgment).

The district court did not abuse its discretion in striking Martinez's post-judgment motion for sanctions. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010) (setting forth standard of review and explaining that district courts have the inherent power to control their dockets, including the power to strike filings from the docket).

To the extent that Martinez intended to challenge the district court's dismissal of the operative complaint, we do not consider this issue because it was not specifically and distinctly raised and argued in the opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), *as*

25-202, 25-6460

*amended* (Oct. 8, 1993) (explaining that issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

We reject as meritless Martinez's contentions about sealing.

All pending motions and requests are denied.

**AFFIRMED.**

25-202, 25-6460